# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN

Demetrious Lowe

    -Plaintiff

vs.

City of Milwaukee Police Department,
Police Officer Donald Gaglione Jr.,
Police Officer Brandon Rutherford,
Police Officer Peter Hauser,
Police Officer Daniel Sutyak,
Police Officer Daniel Pierce and Unknown
Police Officers

    -Defendant

Case No.:

Violation of the 4th and 14th Amendments of the U.S. Constitution

**Jury Trial Demand**

## Complaint

**NOW COMES,** the Plaintiff, Demitrious Lowe, by his attorney Strouse Law Offices, and as for his Complaint against Defendant City of Milwaukee Police Officers (collectively "Defendants," unless otherwise noted) allege and show to the Court as follows:

### INTRODUCTION

This is an action under the 4th and 14th Amendments of the U.S. Constitution 42 U.S.C., to remedy the use of excessive force and failure to intervene by the Defendants, and to provide appropriate relief to Plaintiff Demetrious Lowe on this basis.

1

The 4th Amendment's reasonableness standard requires a careful balancing of the nature and quality of the intrusion on the individual's 4th Amendment interest against the countervailing governmental interest at stake. However, in order to be considered reasonable and compliant with the U.S. Constitution, the use of physical force must stop when the need for the force ceases, such as when a suspect is successfully restrained, or a situation has otherwise de-escalated. In other words, the officer is not allowed to punish criminals who no longer pose a threat. When deciding whether governmental officials such as a police officers engage in "excessive force," courts look to the totality of the circumstances to determine whether the actions were "objectively reasonable."

As alleged here in greater particularity below, Defendant Police Officers engaged in intentional and reckless conduct against Plaintiff, after the danger had ceased.

## JURISDICTION

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to the 4th and 14th Amendments and of 42 U.S.C. 1983.

2. The Court has supplemental jurisdiction over any other claims Plaintiff could make pursuant to 28 U.S.C. 1367, because it would form part of the same case or controversy as the aforementioned claims.

## VENUE

3. Venue in this judicial district is proper, by virtue of 28 U.S.C. 1391, as the Plaintiff's action against the Defendant in Milwaukee Wisconsin, which is in the Eastern District of Wisconsin.

## PARTIES

4. That Plaintiff Demetrious Lowe, at all times pertinent and on the day of his arrest and incarceration, was, and remains, a permanent resident of the City of Milwaukee, and a resident of 7849 North 60th Street, Milwaukee, Wisconsin.

5. That Defendant Donald Gaglione (hereinafter "Gaglione"), at all times pertinent, was an employee of Milwaukee's 7th District Police Department and was promoted to the rank of police officer on December 6, 2015, and at all times pertinent, was acting within the scope of his employment with said City of Milwaukee Police Department, in his individual capacity, under color of State of Wisconsin Law, common, and usage pursuant to Title 42 U.S.C. Section 1983.

6. That Defendant Brandon Rutherford (hereinafter "Rutherford"), at all times pertinent, was an employee of Milwaukee's 7th District Police Department and was promoted to the rank of police officer on July 14, 2015, and at all times pertinent, was acting within the scope of his employment with said City of Milwaukee Police Department, in his individual capacity, under color of State of Wisconsin Law, custom, and usage pursuant to Title 42 U.S.C. Section 1983.

7. That Defendant Peter Hauser (hereinafter "Hauser"), at all times pertinent, was an employee of Milwaukee's 7th District Police Department, and at all times pertinent, was acting within the scope of his employment with said City of Milwaukee Police Department, in his individual capacity, under color of State of Wisconsin Law, custom, and usage pursuant to Title 42 U.S.C. Section 1983.

8. That Defendant Daniel Sutyak (hereinafter "Sutyak"), at all times pertinent, was an employee of Milwaukee's 7th District Police Department, and at all times pertinent, was acting within the scope of his employment with said City of Milwaukee Police Department, in his individual capacity, under color of State of Wisconsin Law, custom, and usage pursuant to Title 42 U.S.C. Section 1983.

9. That Defendant Daniel Pierce (hereinafter "Pierce"), at all times pertinent, was an employee of Milwaukee's 7th District Police Department, and at all times pertinent, was acting within the scope of his employment with said City of Milwaukee Police Department, in his individual capacity, under color of State of Wisconsin Law, custom, and usage pursuant to Titlt 42 U.S.C. Section 1983.

## FACTS

10. That on Wednesday, May 2nd, 2018, at approximately 6:20 p.m. the Defendant Donald J Gaglione Jr., Brandon J. Rutherford, and Peter Hauser were near 4900 W. Fond Du Lac Avenue, in Milwaukee Wisconsin investigating a parking complaint.

11. That while the Defendant Gaglione was responding to this call he observed a black male, wearing a blue shirt, yelling loudly, near the intersection of West Melvina Street and West Medford Avenue.

12. After Defendant Gaglione, Rutherford, and Hauser finished their parking complaint investigation they began riding eastbound.

13. That as Defendants travelled eastbound, they were dispatched to respond to an entry complaint at 3852 North 50th Street, in Milwaukee Wisconsin.

14. That Defendants were informed by the emergency caller that the Plaintiff was not in his normal state-of-mind.

15. That upon arrival at 3852 North 50th Street, citizens outside of this residence informed Defendant Hauser that the Plaintiff had just kicked their door in and he was walking northwest wearing a blue shirt.

16. That when Defendant Gaglione, Rutherford, and Hauser reached the Plaintiff near the 5000 block of West Medford, Defendant Gaglione approached from behind, while Defendant Rutherford went in front of the Plaintiff to cut him off, and Hauser approached from the street curb.

17. That at the time of initial contact the Plaintiff was already bleeding from his left arm.

18. That the Defendants ordered Plaintiff to stop and then Defendant Rutherford attempted to take control of the Plaintiff's right arm

5

19. That Defendant Hauser attempted to take control of his left arm, but the Plaintiff turned and frailed his arms to reject their attempt.

20. That the Plaintiff walked towards Defendant Hauser with closed fists, then Defendant Hauser deployed his O.C. spray, striking Plaintiff's face. The Plaintiff then punched Defendant Hauser in the face.

21. That after punching Defendant Hauser, the Plaintiff ran northwest towards North 51st Street, pursued by Defendant Gaglione who broadcast the pursuit over his Milwaukee Police Radio.

22. That Defendant knew or should have known the Plaintiff was having a mental crisis or not in the normal state-of-mind.

23. That as Defendant Gaglione pursued Plaintiff, he took control of the back of the Plaintiff's shirt and attempted to take control of Plaintiff's right arm but was unable to do so.

24. The Plaintiff was able to continue running, reaching 3945 North 51st Street.

25. Defendant Gaglione then deployed his expandable baton and delivered a focus strike to Plaintiff's lower left leg. Plaintiff was not physically affected but appeared to grow angrier.

26. That Defendants knew or should have known the Plaintiff was having a mental crisis or not in the normal state-of-mind.

27. That the Defendant Gaglione continue with baton strikes until the Plaintiff turned to face Defendant Gaglione and struck him above the left eyebrow, causing him to fall to the ground.

28. That at time Defendants Daniel Pierce and (3) three unknown police officers arrived at the scene.

29. That the Defendant Gaglione and 3 unknown officers surrounded the Plaintiff, while Defendant Pierce and another unknown officer attempted to take control of the Plaintiff's arms.

30. Additional officers arrived including defendant Daniel Sutyak.

31. That Defendant Sutyak deployed his E.C.D. taser with prongs making contact with the Plaintiff, and police officers were able to bring the Plaintiff to the ground.

32. That the Defendants' E.C.D. taser with prongs allowed the Defendants to bring the Plaintiff to the ground.

33. That if the Defendant had employed E.C.D. taser strikes earlier it would not have taken so many officers to arrest the Plaintiff.

34. That the Defendants finally gained control of the Plaintiff and the Plaintiff was incapacitated face down on the ground and no longer a pose a threat.

35. That while the police officers had control of the situation and Plaintiff was no longer pose a threat, other police officers intentionally and recklessly continued to

kick, deploy baton strikes, and stabs the Plaintiff with the baton, in violation of the Plaintiff's 4th and 14th Amendment rights.

36. That while the Plaintiff was on the ground the Defendants repeatedly deployed taser and baton strikes to Plaintiff's body.

37. That the fight and arrest was caught on video and one officer can be seen kicking the Plaintiff in the face while Plaintiff was on the ground and on his stomach.

38. That the fight and arrest was caught on video and one officer can be seen pulling the Plaintiff's hair while the Plaintiff was on the ground and on his stomach.

39. That the fight and arrest was caught on video and another officer can be seen thrusting his baton like a knife into the Plaintiff's body.

40. That the actions of the unknown Defendant Police Officers were done intentionally and/or recklessly and were directly and personally violative of the Plaintiff's 4th and 14th Amendment to the U.S. Constitution, *i.e.,* arrest and seizure of the Plaintiff.

41. That the fight and arrest was caught on video, but only three (3) officers were put on administrative leave for their roles in the above-mentioned incident.

42. That the fight and arrest was caught on video, but one (1) officer was suspended for his role in the above-mentioned incident.

43. That the above-mentioned conduct after the seizure of Plaintiff, at the time, place and location alleged above, by said named and unnamed Defendants, were illegal

pursuant to the 4th and 14th Amendments to the U.S. Constitution, which is law that was clearly established on the date of the actions listed above.

44. That as a proximate cause of the Defendant's conduct, acting directly and personally, violated the Plaintiff's 4th and 14th Amendments of the Constitution, caused pain, suffering, anxiety, depression, and other personal injury justifying an award of compensatory damages in an amount to be determined by the jury.

45. The Defendants, directly and personally, recklessly and intentionally, violated the 4th and 14th Amendments to the U.S. Constitution, justifying an award of punitive damages.

## **CONCLUSION**

**WHEREFORE,** Plaintiff demands judgment as follows:

a. In favor of the Plaintiff and against the Defendants, for compensatory damages, pain, suffering and excessive force;
b. In favor of the Plaintiff for punitive damages;
c. For all cost, disbursements, interest and reasonable attorneys' fees pursuant to Title 42 U.S.C. Section 1988; and
d. For such other relief as the Court deems just and equitable.

**PLAINTIFF HEREBY DEMAND A JURY TRIAL OF THIS ACTION ON ALL ISSUES SO TRIABLE**

Dated this 27th day of April, 2021.

**STROUSE LAW OFFICES**

By: ___/s/___ *Paul A. Strouse*___
Paul Allen Strouse
825 W. Wisconsin Avenue
Milwaukee, WI 53233
(414) 390-0820 (phone)
*strouselawoffices@gmail.com*